UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

MAY 2 1 2008

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

RICHARD M. ISH,

    Petitioner,

v.

    CASE NO. 2:05-CV-72972
    HONORABLE VICTORIA A. ROBERTS
    UNITED STATES DISTRICT JUDGE

KURT JONES,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Richard M. Ish, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first- degree home invasion, M.C.L.A. 750.110a(2); and as a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the application for writ of habeas corpus is **DENIED**.

### I. Background

Petitioner was convicted following a bench trial in the Wayne County Circuit Court.

The evidence established that Petitioner broke into the home of Charlotte Krueger by tearing a window screen. Mrs. Krueger came up from her basement and encountered Petitioner sitting on the floor watching the television. Krueger ran out of her home through the backdoor. As she exited, she was met by Officer Leonard Stewart of the Dearborn Heights Police Department, who responded to a call by one of Krueger's

neighbors, who had noticed Petitioner lingering around outside of Krueger's house. When Officer Stewart arrived at the back of the home, he noticed that a window screen had been ripped out and the window was open. As he approached the house, Mrs. Krueger came running out of the home and informed Officer Stewart that someone was still in her home.

Officer Stewart entered the house with his gun drawn and discovered Petitioner lying on the floor watching television. Stewart immediately asked Petitioner what he was doing at the home, and Petitioner replied that he was "looking for food." Officer Stewart asked Petitioner if he knew the homeowner and he responded "no." Petitioner was then arrested for home invasion.

Petitioner's defense at trial was diminished capacity and intoxication, based upon the ingestion of alcohol and 32 Xanex pills hours prior to the offense.

The trial court judge rejected this defense and found Petitioner guilty of first-degree home invasion.

This conviction was affirmed on appeal. *People v. Ish*, 252 Mich. App. 115; 652 N.W. 2d 257 (2002); *lv. den.* 468 Mich. 880; 659 N.W. 2d 240 (2003). Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Ish*, No. 99-11983 (Wayne County Circuit Court, March 19, 2004). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Ish*, No. 260095 (Mich.Ct.App. April 7, 2005); *lv. den.* 696 N.W. 2d 716 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following

grounds:

> "I. Petitioner's constitutional rights were infringed where statements taken by police in violation of *Miranda v Arizona's* Fifth and Sixth Amendment rationale were admitted at trial to establish substantive guilt.
>
> II. Petitioner's Sixth and Fourteenth Amendment rights were infringed where trial counsel failed to operate in accordance with prevailing professional norms, this omission being prejudicial where statements that were both involuntary and in violation of *Miranda* were introduced at trial because of this deficient performance, and there was a reasonable probability that, if it had not been the case, a different result would have ensued.
>
> III. Petitioner's constitutional rights were infringed under the Fourteenth Amendment where he was prevented in the Michigan state courts an opportunity to develop a factual record in support of his properly raised ineffective assistance of trial counsel claim, with such claims being de facto waived under state law when no evidentiary hearing has been convened, due process being violated where he was not permitted a meaningful opportunity to be heard in time and manner on direct appeal when there was a vested liberty interest at stake.
>
> IV. Petitioner's constitutional rights were infringed under the Fifth and Fourteenth Amendments where involuntary statements extracted by police at gunpoint were used against him at trial to establish guilt, and Petitioner's constitutional rights were violated under the Sixth and/or Fourteenth Amendments where both trial and appellate counsel were ineffective for failing to object and/or preserve the issue of the coerced statements."

## II. Standard of Review

28 U.S.C. § 2254(d) imposes this standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

#### A. The constitutionality of the Antiterrorism and Effective Death Penalty Act.

Before addressing Petitioner's individual claims, the Court disposes of Petitioner's constitutional challenge to the provision of the Antiterrorism and Effective Death Penalty Act (AEDPA) contained in § 2254(d)(1), which indicates that a federal habeas court can only grant habeas relief to a petitioner challenging a state court conviction if the petitioner can establish that the state court decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Petitioner alleges that this provision violates Article III

4

of the United States Constitution, as well as the separation of powers doctrine and the Supremacy Clause of the federal constitution, because the standard of review enunciated in § 2254(d)(1) is too deferential to the state courts and infringes upon the right of the federal courts to be the final arbiters of the federal constitution.

Numerous courts concluded that the AEDPA's standard of review does not violate the separation of powers doctrine, the Supremacy Clause or Article III of the U.S. Constitution. *See Duhaime v. Ducharme,* 200 F. 3d 597, 601 (9th Cir. 2000); *Corwin v. Johnson,* 150 F. 3d 472 (5th Cir. 1998); *Green v. French,* 143 F. 3d 865, 874-875 (4th Cir. 1998); *Dennis v. Mitchell,* 68 F. Supp. 2d 863, 873-874 (N.D. Ohio 1999); *Barker v. Yukins,* 993 F.Supp. 592, 599-600 (E.D. Mich. 1998); *rev'd on other grds,* 199 F. 3d 867 (6th Cir. 1999); *Perez v. Marshall,* 946 F. Supp. 1521, 1531 (S.D. Cal. 1996). Although the AEDPA's standard of review requires that federal courts give deference to the state court's application of federal law to the facts of a particular case, it still remains the province and duty of the federal courts under the amended Section 2254 to say what the law is. *Barker,* 998 F. Supp. at 599. In addition, the AEDPA does not impermissibly delegate any authority of the federal courts to the state courts, but merely addresses the scope of the federal court's authority to grant habeas. *Id.* at 600. "[I]ndeed, the amended § 2254(d) quite simply 'is consistent with the settled view that elected judges of our state courts are fully competent to decide federal constitutional issues, and that their decisions must be respected by federal district judges in processing habeas corpus applications [.]'" *Id.* (quoting *Swain v. Pressley,* 430 U.S. 372, 383 (1977)).

This Court rejects Petitioner's constitutional challenges to the AEDPA.

**B. Claims # 1 and # 4. The claims involving the admissibility of Petitioner's statements to the police.**

In his first claim, Petitioner contends that the trial court erred by admitting as evidence the statement made by Petitioner to Officer Stewart before his *Miranda* rights were read. In his related fourth claim, Petitioner says his statement to Officer Stewart was involuntary because it was "extracted by police at gunpoint." [1]

Petitioner first contends that his statement to Officer Stewart should have been excluded from evidence because it was taken in the absence of *Miranda* warnings. The Michigan Court of Appeals rejected this claim, finding that Petitioner's statement was not made in the context of custodial interrogation, so as to implicate *Miranda*, but were instead made in response to the officer's brief, "on-the-scene questioning" to investigate the reason for Petitioner's presence at the home. The Michigan Court of Appeals further noted that Petitioner was not under arrest or in a coercive atmosphere at the time he made the statement. *Ish*, 252 Mich. App. at 118.

A prosecutor may not use a defendant's statements which stem from custodial

---

[1] Respondent contends that Petitioner's first claim is procedurally defaulted, because he failed to object to the admission of the statement at trial. Respondent contends that Petitioner's third and fourth claims are procedurally defaulted because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3). Petitioner claims that his trial counsel was ineffective for failing to object to the admission of his statement as a violation of *Miranda*. Petitioner further claims that his appellate counsel was ineffective for failing to his third and fourth claims in his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of Petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett*, 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

interrogation unless the prosecutor can demonstrate the use of procedural safeguards which are effective to secure a defendant's privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Unless other means are devised to inform a suspect of his right to silence and a "continuous opportunity to exercise it," the following warnings are required to be given to a suspect:

> 1. the person must be warned that he has a right to remain silent;
> 2. that any statement he does make may be used against him;
> 3. and that he has a right to the presence of an attorney, either appointed or retained.
>
> *Miranda*, 384 U.S. at 444.

Police officers, however, are not required to administer *Miranda* warnings to every person whom they question nor are they required to administer *Miranda* warnings simply because the the questioned person is one whom the police suspect. *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). Instead, *Miranda* warnings are required "only where there has been such a restriction on a person's freedom as to render him 'in custody.'" *Id.* Moreover, general on-the-scene questioning by the police concerning facts surrounding a crime or other general questioning of citizens in the fact-finding process does not require *Miranda* warnings. *Miranda*, 384 U.S. at 477-78. Such questioning enables an officer "to determine whether a crime has been committed or is in progress." *Lowe v. United States*, 407 F.2d 1391, 1393-94 (9th Cir. 1969).

Officer Stewart asked Petitioner two brief questions as part of his initial investigation to determine whether a crime had taken place and whether Petitioner had a legitimate reason for being in the home. Petitioner was not under arrest at the time.

*Miranda* warnings were not required. *See Podlaski v. Butterworth*, 677 F. 2d 8, 9-10 (1st Cir. 1982). Other cases reached the same result. *See Vickers v. Stewart*, 144 F. 3d 613, 616-17 (9th Cir. 1997)(introduction of incriminating statements made by defendant to officers immediately after murder did not violate *Miranda*, because asking defendant what happened in emergency situation did not amount to custodial interrogation); *People v. Nesby*, 161 A.D. 2d 246, 247; 554 N.Y.S.2d 894 (N.Y.A.D. 1990)(police responding to call that burglary was in progress and finding defendant on premises with a knapsack on his back were not required to give *Miranda* warning before asking defendant to identify occupant of apartment, property and knapsack; it was possible defendant was not burglar and questions were designed to clarify nature of situation confronted rather than to coerce statements); *U.S. v. Barnes*, 464 F. 2d 828, 829-30 (D.C. Cir. 1972) (officer responding to trouble call was met by defendant and third person who told officer that defendant had set fire and officer asked defendant whether it was true; defendant accepted blame and responded affirmatively to officer's question whether he had set fire. Defendant's responses were admissible despite lack of *Miranda* warnings since he was not in custody, suspected, arrested or otherwise deprived of his freedom.) Since Officer Stewart responded to an emergency call about a home invasion in progress, his preliminary questions to Petitioner did not require the adminstration of *Miranda* warnings. Petitioner is not entitled to habeas relief on his first claim.

In his fourth claim, Petitioner says his statement to Officer Stewart was involuntary and coerced because it was made while Officer Stewart pointed a gun at

him.

The ultimate question in determining whether a confession is voluntary is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton*, 474 U.S. 104, 112 (1985). These circumstances include:

1. police coercion (a "crucial element");
2. the length of interrogation;
3. the location of interrogation;
4. the continuity of the interrogation;
5. the suspect's maturity;
6. the suspect's education;
7. the suspect's physical condition and mental health;
8. and whether the suspect was advised of his or her *Miranda* Rights.

*Withrow v. Williams*, 507 U.S. 680, 693-94 (1993).

All of the pertinent factors should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). However, unless there is coercive police activity, a confession is voluntary. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

The Court rejects Petitioner's claim. There is no evidence that Officer Stewart pointed his weapon at Petitioner with the intent to extract a confession from Petitioner. *See McCall v. Dutton*, 863 F. 2d 454, 459-60 (6th Cir. 1988). Instead, it appears that Officer Stewart had taken his gun out as a protective measure while entering a house where a home invasion had taken place. *Id.* Thus, "in the absence of proof of improper police behavior, the mere display of weapons does not justify suppression of petitioner's statements." *Id.* Petitioner is not entitled to habeas relief on his claim.

9

### C. Claims # 2, 3, and 4. The ineffective assistance of counsel claims.

In his second claim, Petitioner contends that his trial counsel was ineffective for failing to object to the admission of his statement on the ground that it was obtained in violation of *Miranda*. In his fourth claim, Petitioner alleges that his trial counsel was ineffective for failing to move for the suppression of his statement on the ground that it had been coerced. Petitioner further contends that appellate counsel was ineffective for failing to raise on direct appeal a claim that his statement to Officer Stewart was inadmissible because it was coerced and involuntary, even though appellate counsel had claimed that the statement was inadmissible pursuant to *Miranda*. Finally, in his third claim, Petitioner contends that his due process rights were violated when the state courts refused to grant his request on his direct appeal for an evidentiary hearing on his ineffective assistance of trial counsel claim.

This Court does not have the power to grant habeas relief on Petitioner's claim that the Michigan Court of Appeals improperly denied his motion to remand for an evidentiary hearing pursuant to M.C.R. 7.211. There is no federal constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*, 634 F. 2d 1010, 1011 (6th Cir. 1980). In addition, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Whether the Michigan Court of Appeals erred in its application of M.C.R. 7.211 in denying Petitioner's motion for an evidentiary hearing on his ineffective assistance of counsel claim is a question of state law that

10

cannot be reviewed in a federal habeas petition. *See Hayes v. Prelesnik,* 193 Fed. Appx. 577, 584 (6th Cir. 2006). Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel on appeal. *Id.* Accordingly, Petitioner would not be entitled to habeas relief on his third claim.

In addition, a habeas petitioner is not entitled to an evidentiary hearing in federal court on his claims of ineffective assistance of counsel where the petitioner fails to allege specific facts which, if true, would entitle him to relief on his claims. *See Barber v. Birkett,* 276 F. Supp. 2d 700, 706 (E.D. Mich. 2003). As discussed when addressing Petitioner's ineffective assistance of counsel claims below, Petitioner is unable to establish that his allegations of ineffective assistance of counsel, even if true, would entitle him to habeas relief. To the extent Petitioner's third claim is understood to be a request for an evidentiary hearing on his ineffective assistance of counsel claims, the facts which Petitioner would seek to develop in an evidentiary hearing would not support habeas relief. He therefore, is not entitled to an evidentiary hearing on his ineffective assistance of counsel claims. *Hayes,* 193 Fed. Appx. at 585.

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington,* 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show that (1) counsel's

performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Officer Stewart's brief on-the-scene questions to Petitioner did not require the administration of *Miranda* warnings. Because there was no reasonable probability that a motion to suppress based on an alleged *Miranda* violation would have succeeded, Petitioner was not denied effective assistance by his trial counsel's failure to move for the suppression of his statement. *See Koras v. Robinson,* 123 Fed. Appx. 207, 210-12 (6th Cir. 2005). Likewise, because Petitioner's statement to the police was not coerced, trial counsel was not ineffective for failing to move for suppression of the confession on the ground that it was involuntary. *See Hannah v. Bock,* 447 F. Supp. 2d 798, 811 (E.D. Mich. 2006). Furthermore, because Petitioner's coerced confession claim is without merit, appellate counsel was not ineffective for not raising the claim on appeal. *Id.* at 812. Petitioner is not entitled to habeas relief on his second, third, or fourth claims.

### IV. Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been

resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F. 3d 900, 901 (6th Cir. 2002).

The Court denies Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson*, 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at

765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED**.

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED**.

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis*.

/s/ Victoria A. Roberts
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: MAY 21 2008